# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**JB MCKATHAN d/b/a**
**MCKATHAN FARM,**

    Plaintiff,

v.                                                       Case No: 5:18-cv-284-Oc-30PRL

**GREAT AMERICAN INSURANCE**
**COMPANY,**

    Defendant.

## ORDER

In this breach of contract action, Plaintiff seeks damages under a policy of homeowner's insurance issued by Defendant. Defendant has moved to compel an inspection of the subject property (Doc. 22), and Plaintiff has filed a response in opposition. (Doc. 23). For the reasons explained below, Defendant's motion to compel is due to be granted.

### I.    BACKGROUND

In this action, Plaintiff seeks insurance proceeds for damage allegedly caused by Hurricane Irma at property located in Reddick, Florida. In September 2017, Plaintiff's representative reported a loss to the subject property, and Defendant's field adjuster conducted an initial inspection. Soon thereafter, in December 2018, Defendant issued payment to Plaintiff in accordance with the field adjuster's estimate, less the policy deductible and any applicable depreciation. In February 2018, Plaintiff submitted a sworn statement in proof of loss along with an estimate from a construction company. In March 2018, Defendant's expert consultant, Michael Hogan, conducted an inspection

but was only able to inspect the interior and exterior of one of the six buildings on the subject property. Following a mediation in June 2018, Plaintiff filed this lawsuit.

Pursuant to the Court's Case Management and Scheduling Order (Doc. 12), February 1, 2019 was the Defendant's expert disclosure deadline, and March 29, 2019 was the discovery deadline. On February 1, 2019, Defendant disclosed Michael Hogan, a professional engineer, and Michael Linehan, a professional engineer and roof consultant, as experts. Although Defendant provided an expert report for Mr. Hogan, one was not provided for Mr. Linehan and Defendant stated, "Mr. Linehan has not prepared a report but said report will be provided to Plaintiff as soon as created pursuant to Fed. R. Civ. P. 26(a)(2)." (Doc. 23-8, p. 2). On February 8, 2019, Defendant served its request to permit entry upon land for inspection. On March 8, 2019, Plaintiff served its objection to the inspection request. On March 15, 2019, Defendant moved to compel (Doc. 22), and Plaintiff has filed a response. (Doc. 23).

## II. LEGAL STANDARDS

Generally, parties are entitled to discovery regarding any non-privileged matter that is relevant to any claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(2)(C), however, the Court has broad discretion to limit the frequency or extent of discovery if discovery is "unreasonably cumulative or duplicative," "can be obtained from some other source that is more convenient," or if "the party seeking the discovery has had ample opportunity to obtain the information by discovery in the action." The Court's exercise of discretion to appropriately fashion the scope and effect of discovery will be sustained unless it abuses that discretion to the prejudice of a party. *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1505 (11th Cir.1985); see also *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir.1991) ("The trial court ... has wide discretion in setting

the limits of discovery, and its decisions will not be reversed unless a clearly erroneous principle of law is applied, or no evidence rationally supports the decision.").

## III. DISCUSSION

Under Fed. R. Civ. P. 34, Defendant moves to compel an inspection of the property that is the subject of this action. Defendant contends that such an inspection is necessary to evaluate all portions of Plaintiff's claim, and because at the March 2018 inspection, expert Hogan only had access to one of the six buildings on the subject property. Defendant points out that Plaintiff's construction estimate pertains to five buildings, and that Plaintiff's claim includes damages to the roofs as a result of Hurricane Irma. Further, Defendant asserts that it timely disclosed its experts, and timely requested that the inspection would take place on March 12, 2019, allowing Mr. Linehan time to prepare and disclose his report well in advance of the March 29, 2019 discovery cutoff. Defendant contends that, if not for the objection, the inspection would have already taken place and Mr. Linehan would have already provided his report, allowing ample time for deposition.

Plaintiff objects to the inspection on three grounds, none of which are persuasive enough to warrant denial of Defendant's motion. First, Plaintiff contends that the inspection must be prohibited because it is prejudicial, and Defendant already had an ample opportunity to conduct discovery and did not properly disclose expert Linehan. Plaintiff contends that "an inspection of the land at this late hour is highly prejudicial to Plaintiff because an inspection will necessary [sic] yield new opinions held by Linehan." (Doc. 23, p. 3). Plaintiff argues that allowing the inspection would be disruptive to the case management deadlines and that Defendant already had an ample opportunity to inspect the property. Plaintiff does not dispute, however, that expert Hogan was not able to complete a full inspection or that there are differences in the areas of expertise of Hogan and Linehan, as Linehan has expertise as a roof consultant.

Likewise, Plaintiff argues that the inspection is "burdensome, duplicative, and cumulative," but that argument is again belied by the fact that Defendant has yet to have the opportunity to inspect all of the relevant buildings or to have its roofing consultant inspect the subject property. Finally, Plaintiff argues that, because Defendant holds the position that no coverage is available for two buildings, those two buildings do not require inspection. This argument is also not persuasive. At a minimum, Defendant is entitled to inspect each of the buildings that Plaintiff has included in its claim for damages and sworn statement of loss.

To the extent that Plaintiff objects to the timing of the disclosure of expert Linehan or the failure to disclose his expert report, those objections are unpersuasive. Defendant's expert Michael Hogan conducted an inspection in March 2018, but was only able to inspect one of the buildings. Following that inspection, Defendant attempted to schedule another inspection but was "told that the Plaintiff was unavailable." (Doc. 22, p. 2). Defendant disclosed Linehan on February 1, 2019, and soon thereafter, on February 8, 2019, served its request for inspection. Since at least March 2018, Plaintiff had ample notice of Defendant's intent to perform a more thorough inspection of the property. And, if it should become necessary, the Court has broad discretion to adjust case management deadlines to ameliorate any alleged prejudice due to delays in the discovery process.

Finally, to the extent that Plaintiff objects to the inspection request on the grounds that it does not meet the reasonable particularity requirements of Rule 34, Defendant has offered additional information. Defendant requests that its expert, Michael Linehan,

> should be permitted to conduct a non-invasive/non-destructive inspection of the roofs, exteriors and interiors of the subject property, to include inspecting, measuring, surveying, and photographing the condition of the roofs, exteriors and the interiors of the five buildings/dwellings/structures that are part of Plaintiff's claim on April 2, 2019 beginning at 9:00 a.m. and concluding no later than 5:00 p.m. To avoid any prejudice to the Plaintiff, the Defendant will allow Plaintiff to depose Mr. Linehan within a few

days of the April 2, 2019 inspection and will also provide Mr. Linehan's report to Plaintiff within a few days of the April 2, 2019 inspection.

(Doc. 22, p. 9). The Court finds this request to be sufficiently particular under Rule 34.

### IV. CONCLUSION

Accordingly, upon due consideration, it is ordered that:

(1) Defendant's motion to compel entry of premises for inspection (Doc. 22) is **GRANTED;**

(2) Defendant shall conduct its inspection on or before April 17, 2019.

(3) Any expert report created by Defendant's expert Michael Linehan shall be disclosed on or before April 24, 2019.

(4) Any deposition of Defendant's expert Michael Linehan shall be completed on or before May 3, 2019.

(5) While Defendant has not expressly requested expenses incurred in making its motion to compel under Rule 37(a)(5)(A), the undersigned also finds that, under the circumstances, Plaintiff's objection was substantially justified such that no award of reasonable expenses in making the motion is appropriate.

**DONE** and **ORDERED** in Ocala, Florida on April 5, 2019.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties